## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTEN DISTRICT OF PENNSYLVANIA

DOLORES BURTON
30 Red Bay Lane
Marco Island, FL 34145

                                                 JURY TRIAL DEMANDED

v.                                                  DOCKET #:

NATIONAL RAILROAD PASSENGER
CORPORATION a/k/a AMTRAK
60 Massachusetts Avenue
Washington, D.C. 20002

## CIVIL COMPLAINT

       AND NOW COMES, the Plaintiff, Dorlores Burton, by and through her counsel, Joseph S. Toczydlowski, Jr Esquire, of the Toczydlowski Law Office, and complains against Defendant, National Railroad Passenger Corporation, as follows:

## THE PARTIES

1. Plaintiff, Dolores Burton, is a legally competent, adult individual who resides at 30 Red Bay Lane, Marco Island, Florida.

2. Defendant, National Railroad Passenger Corporation, is a quasi-governmental agency with a principal place of business at 60 Massachusetts Avenue, Washington, District of Columbia.

3. Defendant, National Railroad Passenger Corporation does business under the service mark, trademark, and/or fictitious name "Amtrak."

4. Defendant, National Railroad Passenger Corporation (hereinafter at times referred to as "Amtrak") is a corporation organized and existing under the laws of the United States of America.

5. Plaintiff, Dolores Burton, hereby demands a trial by jury, and the amount in controversy exceeds $75,000.00.  s

## JURISDICTION AND VENUE

6. Defendant, Amtrack, maintains, and profits from a substantial portion of its business in Pennsylvania, specifically in Philadelphia, Pennsylvania, which is in the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

7. More specifically, Defendant, Amtrak, owns the William H. Gray III 30th Street Station in Philadelphia, including the building, platforms, tracks, and the parking areas beneath the facility.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00 and the jurisdictional limit of the Court, and there exists complete diversity among the parties hereto.

9. Venue is proper in the United States District Court for the Eastern District of Pennsylvania because the contact by Amtrak with Philadelphia and the jurisdiction of the United States District Court for the Eastern District of Pennsylvania is continuous and systematic, thus cressating general jurisdiction by the Court.

## FACTUAL AVERMENTS

10. Plaintiff, Dolores Burton, purchased an Amtrak eTicket for travel on an Amtrak train from Sanford, Florida to Lorton, Virginia  with a travel date of June 8, 2024 departing at 5:00pm and arriving at 9:59am on June 9, 2024. (See Amtrak eTicket attached hereto as Exhibit "A" and made a part hereof).

11. At all times material hereto, Plaintiff, Dolores Burton, was a business invitee on the premises owned, operated, used, and/or cared for by Defendant, Amtrak.

12. As a result of her business invitee status, Defendant, Amtrak, owed Plaintiff, Dolores Burton, the highest duty of care under the law.

13. At all times material hereto, Defendant, Amtrak, possessed and controlled, and/or had the duty and right to possess and control, the area where Plaintiff, Dolores Burton, was injured.

14. At all times material hereto, Defendant, Amtrak, had possession and/or constructive possession, of the area where Plaintiff, Dolores Burtons, was injured.

15. At all times material hereto, Defendant, Amtrak, had a non-delegable duty to make safe for passengers and pedestrians, all areas within its custody, control, and those accessible by its ticketed passengers.

## COUNT I – NEGLIGENCE
## PLAINTIFF, DOLORES BURTON v. AMTRAK

16. Plaintiff, Dolores Burton, on or about June 8, 2024, was properly, legally, and appropriately walking down a stairway to go to dinner on the aforementioned Amtrak passenger car when her clothing caught on a screw, nail, or other protuberance from the stairwell, causing her to fall and tumble, thereby suffering the severe and permanent injuries identified herein.

17. Plaintiff, Dolores Burton, as a result of the negligence and carelessness of Defendant, Amtrack, fell on an Amtrak train or passenger car while in Georgia or Florida.

18. At all times material hereto, Defendant, Amtrak, acted through its employees, agents, servants, contractors, representatives, and/or ostensible agents.

19. The negligence of Defendant, Amtrak, individually and also acting through its employees, agents, servants, contractors, representatives, and/or ostensible agents. includes, but is not limited to, the following:

    a.   Failure to inspect for hazards;

    b.   Failure to warn of known and/or potential hazards;

    c.   Failure to make the premises safe for travelers;

    d.   Failure to inspect the stairway for hazards, including screws, nails, and other protuberances;

    e.   Failure to timely repair the screws, nails, and other protuberances from the stairwell;

    f.   Failure to provide a safe walkway for passengers, such as Plaintiff, when travelling from their railcar berths to the dining car and/or other places on the train;

g. Failure to provide proper and safe surfaces for passengers to walk upon;

h. Failure to provide ergonomically safe stairways for passengers to walk upon;

i. Failure to comply with OSHA regulations governing stairways and areas of travel for passengers of its trains and rail cars;

j. Failure to comply with industry standards for stairwells and walkways; and,

k. Additional breaches of the standard of care to be identified prior to the completion of discovery.

20. As a result of the aforementioned breaches of the standard of care, Plaintiff, Dolores Burton, suffered permanent physical, mental, and emotional injuries.

21. None of Plaintiff's injuries were the result of her own conduct, comparative negligence, or contributory negligence.

22. The actions and inactions of Defendant, Amtrak, were and are the actual cause, factual cause, proximate cause, and legal cause of the injuries to Plaintiff, Dolores Burton.

23. As a result of Defendant's negligence and breaches of the standards of care, Plaintiff, Dolores Burton, suffered a significant knee injury, which ultimately required surgery.

24. The severe, significant, and permanent injuries of Plaintiff, Dolores Burton, include, but are not limited to, the following

a. Scarring;

b. Pain and suffering;

c. Mental anguish;

d. Loss of life's pleasures and hedonistic damages;

e. Bruising;

f. Tearing of muscle, ligaments, tendons, and cartilage; and,

g. Medical and surgical interventions, including, but not limited to, a knee replacement, with associated pre- and post-operative therapies

25. As a result of the negligence and breaches of the standards of care by Defendant, Amtrak, Plaintiff, Dolores Burton, has been caused to incur past and future medical expenses.

26. As a result of the negligence and breaches of the standards of care by Defendant, Amtrak, Plaintiff, Dolores Burton, has experienced past, present, and future pain and suffering, mental anguish, physical pain, and emotional distress.

27. As a result of the negligence and breaches of the standards of care by Defendant, Amtrak, Plaintiff, Dolores Burton, has been caused to take medication, physical, and occupational therapy, and surgical intervention.

28. Plaintiff's physical, emotional, ad mental injuries are ongoing and will continue for an indefinite time into the future.

29. Plaintiff's physical, emotional, ad mental injuries are ongoing and she will incur additional medical expenses in the future.

30. As a result of the negligence and breaches of the standards of care by Defendant, Amtrak, Plaintiff, Dolores Burton, has been caused to suffer a loss and/or diminution of her ability to participate in her activities of daily living, hobbies, and other pleasurable activities.

WHEREFORE, Plaintiff, Dolores Burton, respectfully requests that this Honorable Court enter judgment in her favor, and against all others, individually and/or collectively, on the causes of action alleged, including, but not limited to, compensatory damages in excess of $75,000, attorney's fees, costs of suit, exemplary damages, pre-judgment interest, post-judgment interest, and any other damages deemed proper by the Court.

**TOCZYDLOWSKI LAW OFFICE**

*/s/ Joseph S. Toczydlowski, Jr., Esquire*

**Joseph S. Toczydlowski Jr., Esquire**
Attorney Id. No. 77583
723 N. Main Street
Archbald, PA  18403
Telephone: 570.876.3779
Joe@tozlawmail.com